UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FREDERICK AUGUST TUJAGUE III**                                **CIVIL ACTION**

**VERSUS**                                                                         **NO. 05-2733**

**ATMOS ENERGY CORPORATION**                                  **SECTION "T" (2)**

## ORDER AND REASONS

Before the Court is a Report and Recommendation of Magistrate Joseph C. Wilkinson, Jr. recommending that this matter be remanded the Louisiana 22nd Judicial District Court, Parish of St. Tammany. Rec. Doc. 52. Atmos Energy Corporation has filed timely objections to the Magistrate's Report and Recommendation. Rec. Doc. 54. Frederick August Tugague, III, filed a response to Atmos' Objections. Rec. Doc. 56. After considering the Report and Recommendation of the Magistrate Judge, the objections by Atmos, and the response by Plaintiff, as well as having considered the Court record, the law and applicable jurisprudence, the Court is fully advised in the premises and hereby adopts the Report and Recommendation of the Magistrate Judge as its own opinion and assigns these additional reasons.

**I.     BACKGROUND**

Frederick August Tujague, III (hereinafter, "Plaintiff") originally filed this suit for damages in June 2005 in the Louisiana 22nd Judicial District Court, Parish of St. Tammany, seeking property damage allegedly caused by the placement of a natural gas pipeline on his property. Atmos Energy Corporation (hereinafter, "Atmos") removed the case to federal court based upon diversity of citizenship jurisdiction. In May 2007, Atmos was granted leave to file a third-party complaint against B&K Underground (hereinafter, "B&K"). The third-party complaint alleges B & K is liable to Atmos for defense and indemnity and identifies B & K as the party with whom it contracted for the placement of the pipeline.

B & K answered the third-party demand in November 2007.  In December 2007, Plaintiff filed a Motion for Leave to Amend his Complaint to add a direct claim against B & K.  The Motion was opposed by Atmos.  The Motion came for hearing before the Magistrate Judge on January 4, 2008.  Rec. Doc. 46.  Because adding B & K as a defendant on the main demand would deprive the Court of subject matter jurisdiction, the Magistrate ordered additional briefing on the factors listed in *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987), and *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 n. 11 (5th Cir.), cert. denied, 112 S.Ct. 176 (1991).  Rec. Doc. 46.

After additional briefs were filed, the Magistrate found that the application of *the Hensgen* factors established that the Plaintiff's Motion to Amend should be granted.  Because the addition of B &K as a direct defendant destroyed diversity, the Magistrate recommended to this Court that the case be remanded.[1]

## II.   LAW AND ANALYSIS

FRCP 15(a) provides that leave to amend pleadings shall be freely given when justice so requires.  In those circumstances when the court has entered a scheduling order setting a deadline for the amendment of pleadings, the schedule shall not be modified except upon a showing of good cause.  FRCP 16(b).  However, when an amendment would destroy diversity the court should scrutinize that amendment more closely than an ordinary amendment.  *Hensgens*, 833 F.2d at1182.  In such a situation, justice requires that the District Court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.  The court should consider: (1) the extent to which the purpose of the amendment

---

[1] The Magistrate Judge did not remand the case on his order noting that Motions to Remand in this District are not routinely referred to Magistrate Judges but instead are almost always decided by the presiding District Judge.  Absent clear authority for a Magistrate to remand the case, the Magistrate opined that the actual remand is within the sole province of the District Judge and therefore, issued a Report and Recommendation.  Rec. Doc. 52 at p. 7.

is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens,* 833 F.2d at1182. With input from the defendant, the court should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the non-diverse defendant, it then **must remand** to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

In his Report and Recommendation, the Magistrate sufficiently analyzed each of the aforementioned factors and found that "equities favor permitting plaintiff's amendment in this case to add the defendant whose alleged responsibility for his injuries may well be primary." Rec. Doc, 52. The Magistrate also correctly pointed out under 28 U.S. C.§ 1447(e), he may deny the amendment and permit the case to stay in federal court; however, if the amendment was granted remand to ths state court is mandated.[2]

Atmos objects to the Magistrate's findings urging that it is "obvious" Plaintiff is trying to destroy diversity jurisdiction by filing the amendment at this late date and to deprive Atmos of its choice of jurisdiction. Rec. Doc. 54 at pp. 3-4. As such, Atmos argues that the first two factors in *Hengsen* are not met.

The Court agrees with the Magistrate's analysis on the first two factors. While it does appear that the filing of the amendment is late, there has been no evidence presented to the Court that the filing of the amendment was for the sole purpose of defeating subject matter jurisdiction. The Court

---

[2]28 U.S.C. §1447 (e) provides:

(e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

does not agree with Atmos' characterization of the facts and finds that it has not provided sufficient evidence in support of its argument. B & K filed its answer to the third-party demand in November 2007 and approximately one month later, Plaintiff filed his Motion for Leave to Amend to add B & K to this suit as a direct defendant. Plaintiff made no prior attempts to remand this action to state court and there has been no suggestion that the Plaintiff's joinder of B & K as a direct defendant is fraudulent or that Plaintiff has no cause of action against it. To the extent that Atmos argues that the claims against B & K are prescribed, that argument is meritless as Plaintiff has sued Atmos and B & K as joint tortfeasors. Under Louisiana law, prescription is interrupted by the filing of suit in a court of competent jurisdiction. *See* LSA-C.C. art. 3462. Further, interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors. *See* LSA-C.C. art. 2324 C.

Atmos also objects arguing that the Plaintiff will not be significantly injured if amendment is not allowed because B & K, as Atmos subcontractor, if found liable to Atmos on the third-party demand, would be also be answerable for any damage to the Plaintiff. Rec. Doc. 54 at p. 4. The Court rejects this argument as meritless because the claims by Atmos against B & K sound in contractual defense and indemnity between those two parties and do not involve any direct liability that B & K would have to this Plaintiff.

For the foregoing reasons, the Court agrees that Amendment to add B & K was proper and by so amending, subject matter jurisdiction is lacking. The Court hereby accepts the Report and Recommendation of the Magistrate Judge and adopts it as its own opinion in this matter, along with the reasons stated herein, and orders this action remanded to state court.

Accordingly,

**IT IS ORDERED** that this matter is hereby **REMANDED** to the 22nd Judicial District Court, Parish of St. Tammany.

New Orleans, Louisiana, 19th day of February, 2008.

_____
 **G. THOMAS PORTEOUS, JR.**
 **UNITED STATES DISTRICT JUDGE**